YOUNG *v.* HORTON.*

(Division B.    Nov. 16, 1925.)

[105 So. 853. No. 25174.]

BASTARDS. *Refusal to set aside verdict against plaintiff for improper
    solicitations to jurors in behalf of defendant held error.*
    In a bastardy suit, it is error to refuse to set aside a verdict against
    the plaintiff, where the record shows that improper solicitations
    were made to jurors in behalf of the defendant.

*Headnote 1. New Trial, 29 Cyc., p. 798.

APPEAL from circuit court of Lee county.
HON. C. P. LONG. Judge.
Bastardy proceeding by Alma Young against Eli Hor-
ton.   Judgment for defendant, and plaintiff appeals.
Reversed and remanded for a new trial.

*W. A. Blair,* for appellant.

*Geo. T.* and *Chas. S. Mitchell,* for appellee.

No briefs available for the Reporter.

ETHRIDGE, J., delivered the opinion of the court.

The appellant instituted bastardy proceedings against
the appellee for the support of her child, alleging that
the appellee was the father of said child.   There was a

trial on the issue in the circuit court on conflicting evidence as to whether or not the appellee had had sexual relations with the appellant. On the motion for a new trial, it was charged that one Farris Brooks, a witness for appellee, had approached some of the jurors who sat in the case, and that there was a cloud on the verdict by reason of such conduct, for which it is alleged the verdict should have been set aside. Mrs. Robert Young, a sister-in-law of the appellant, testified that during the trial, when the jury and others were going down the courthouse steps, she heard some one say to one of the jurors, "Take care of Horton for me;" that he whispered this, and that the man to whom he spoke said, "All right." She described this man in her evidence, and she pointed him out to her husband at the time, and told her husband what she had heard. Her husband also described the man, and stated that he subsequently saw this man talking to other jurors, but did not know what he was talking about. It appears that the jury was not kept together, but was allowed to go without being kept under the rule. One of the jurors named Morgan testified that Farris Brooks, who was a witness for the defendant in the bastardy proceedings, attempted to talk to him, and that he started to walk away, and that Brooks said to him, "Do what is right, he is a good old boy." This evidence was not disputed by any other witnesses. The members of the jury other than Morgan were not introduced, and neither was Farris Brooks introduced to deny these statements.

It is of the utmost importance that improper influences be kept from the jury, and especially in cases of this character.

We think what is shown in the record is sufficient to cause the verdict to be set aside and a new trial to be granted. The judgment will therefore be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*